# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMERICAN CONTRACTORS INDEMNITY
COMPANY,

              **Plaintiff,**

-vs-                                                                 Case No. 6:16-cv-952-Orl-40GJK

MD CONSTRUCTION SERVICES USA, INC.
and BYRON L. ROBINSON,

              **Defendants.**
_____

## REPORT AND RECOMMENDATION

      This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR CONTEMPT AND SANCTIONS AGAINST MD CONSTRUCTION SERVICES USA, INC., AND BYRON L. ROBINSON TO COMPEL APPEARANCE AT A DEPOSITION IN AID OF EXECUTION, AND TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS (Doc. No. 21)** |
| **FILED:** | February 22, 2017 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.** |

      On June 2, 2016, Plaintiff filed a Complaint against Defendants for breach of contract/contractual indemnity and common law indemnity. Doc. No. 1. Defendants did not appear, and on January 4, 2017, a Default Judgment was entered against them for $154,766.05. Doc. No. 20. On January 31, 2017, Defendants were served with subpoenas commanding them to produce documents and appear for depositions in aid of execution on February 15, 2017. Doc.

Nos. 21-1, 21-2. Defendants did not appear for the depositions or produce the documents. Doc. No. 21-3.

On February 22, 2017, Plaintiff filed a "Motion for Contempt and Sanctions Against MD Construction Services USA, Inc., and Byron L. Robinson to Compel Appearance at a Deposition in Aid of Execution, and to Compel Production of Subpoenaed Documents" (the "Motion"). Doc. No. 21. The Motion includes the returns of service attesting that Defendants were served with the subpoenas on January 31, 2017, at 867 Bright Meadow Drive, Lake Mary, Florida 32746, and the court reporter's Certificates of Non-Appearance. Doc. Nos. 21-2, 21-3. On February 23, 2017, the Motion was referred to the undersigned. Defendants did not file a response to the Motion. Therefore, the Motion is unopposed.

Plaintiff asks the Court for the following due to Defendants' failure to comply with the subpoenas:

> (1) hold Defendants, MD CONSTRUCTION SERVICES USA, INC. and BYRON L. ROBINSON in contempt;
> (2) order Defendants to appear for deposition on March 15, 2017 at 9:30 am at the offices of undersigned counsel without the need for further subpoena;
> (3) order Defendants to produce the documents requested in the Subpoena at the office of undersigned counsel on or before 3:00 p.m. on March 8, 2017[;]
> (4) order Defendants to pay to ACIC the appearance fee in the amount of $120.00 for the court reporter's attendance at the February 15, 2017 deposition, to reimburse ACIC $78.11 for the check tendered to Defendants to cover Defendants' travel expense, and the fees incurred by ACIC in filing this Motion; and
> (5) order all other relief the Court deems appropriate.

Doc. No. 21 at 3-4.

28 U.S.C. § 636(e) (2007), sets forth a magistrate judge's limited contempt powers.[1] As this is not a civil consent case or a misdemeanor case, and the act of contempt was not

---

[1] 28 U.S.C. § 636 (2007) states the following:

> (1) In general.--A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.
> (2) Summary criminal contempt authority.--A magistrate judge shall have the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice. The order of contempt shall be issued under the Federal Rules of Criminal Procedure.
> (3) Additional criminal contempt authority in civil consent and misdemeanor cases.--In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, and in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, the magistrate judge shall have the power to punish, by fine or imprisonment, or both, criminal contempt constituting disobedience or resistance to the magistrate judge's lawful writ, process, order, rule, decree, or command. Disposition of such contempt shall be conducted upon notice and hearing under the Federal Rules of Criminal Procedure.
> (4) Civil contempt authority in civil consent and misdemeanor cases.--In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, and in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, the magistrate judge may exercise the civil contempt authority of the district court. This paragraph shall not be construed to limit the authority of a magistrate judge to order sanctions under any other statute, the Federal Rules of Civil Procedure, or the Federal Rules of Criminal Procedure.
> (5) Criminal contempt penalties.--The sentence imposed by a magistrate judge for any criminal contempt provided for in paragraphs (2) and (3) shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of title 18.
> (6) Certification of other contempts to the district court.--Upon the commission of any such act—
>     (A) in any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, or in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, that may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection, or
>     (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>         (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,

committed in the undersigned's presence, the undersigned is issuing this Report and Recommendation on the Motion.

The undersigned finds that the failure to comply with the subpoenas is an act of contempt and recommends that Defendants be held in contempt for this failure. Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), if a United States Magistrate Judge finds that certain acts constitute civil contempt, "the magistrate [judge] shall forthwith certify the facts to a district judge . . ." who may issue an order to show cause upon any person whose behavior is brought into question under Section 636(e)(6)(B), and the district judge may hold an evidentiary hearing to determine whether that person should be adjudged in contempt by reason of the facts certified. Therefore, the undersigned certifies that the facts detailed above warrant an order to show cause for an evidentiary hearing to determine whether the Defendants should be held in civil contempt.

In considering the possible sanctions that could be imposed, the undersigned finds that the least harmful sanction proportionate to Defendants' behavior is to order Defendants to pay Plaintiff for the reasonable expenses it incurred in bringing the Motion. This includes the appearance fee for the court reporter's attendance at the scheduled depositions and the amount Plaintiff tendered to Defendants to cover Defendants' travel expenses. Plaintiff also requests the fees it incurred in filing the Motion, although Plaintiff does not specify any expenses other than

---

(ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or

(iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

those described in the preceding sentence. Also, although Plaintiff attached the court reporter's invoice for the appearance fee, Doc. No. 21-4, Plaintiff did not state that the check it provided to Defendants for their travel expenses was cashed. Therefore, Plaintiff is directed to file an affidavit with supporting documentation setting forth its expenses incurred in filing the Motion.

Plaintiff also asks the Court to order Defendants to produce the requested documents in Plaintiff's counsel's office on March 8, 2017, and to appear for depositions at the same place on March 15, 2017. Doc. No. 21 at 4. The proposed dates did not allow adequate time for Defendants to either respond to the Motion or to comply with an order directing them to meet those deadlines. *See* Local Rule 3.01(b) (giving party opposing motion fourteen days after service of the motion to file a response). To expedite this matter, the undersigned will enter a separate order ordering Defendants to produce the requested documents and appear for their depositions at the United States District Court, Middle District of Florida courthouse.

Accordingly, it is **RECOMMENDED** that the Motion, Doc. No. 21, be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the Court issue an order to show cause to Defendants and hold an evidentiary hearing to determine whether they should be adjudged in contempt by reason of the facts certified above;

2. That if the Court finds Defendants in contempt, that the Court order Defendants to pay Plaintiff its reasonable expenses incurred in filing the Motion;

3. That Plaintiff file an affidavit with supporting documentation itemizing the expenses it incurred in filing the Motion; and

4. That, otherwise, the Motion be **DENIED**.

5

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. In order to expedite this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.

**The Clerk is directed to send a copy of this Report and Recommendation to Defendants by certified mail.**

**RECOMMENDED** in Orlando, Florida, on March 15, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties